UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-43-FDW
(3:08-cr-134-RJC-DSC-18)

| | |
|---|---|
| JOHNNY ELIAS GONZALEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on a "Petition for Writ of Error Coram Nobis & Writ of Audita Querela," filed by pro se Petitioner Johnny Gonzalez. (Doc. No. 1). For the reasons that follow, the Court will deny Petitioner's motion.

I.  **BACKGROUND**

On January 26, 2010, a jury found pro se Petitioner Johnny Gonzalez guilty in this Court of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d), and this Court sentenced him to 360 months in prison. (Crim. Case No. 3:08-cr-134, Doc. No. 1412: Judgment). The Fourth Circuit Court of Appeals subsequently affirmed Petitioner's conviction and sentence. See United States v. Gonzalez, 526 F. App'x 270 (4th Cir. 2012). On or about May 6, 2014, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, which this Court denied on the merits on April 21, 2015. (Civ. No. 3:14-cv-234-RJC, Doc. Nos. 15, 20).

Petitioner thereafter sought authorization from the Fourth Circuit Court of Appeals to file a successive petition, which the Fourth Circuit denied. In re: Gonzalez, No. 16-9443 (4th Cir.

2016).  On June 16, 2016, Petitioner filed a motion in this Court seeking authorization to file a successive petition.  (Crim. Case No. 3:08-cr-134, Doc. No. 1656).  On July 11, 2016, this Court denied the motion, concluding that it lacked jurisdiction to grant Petitioner's motion.  (Id., Doc. No. 1660).  Petitioner filed the current pending action on or around January 29, 2019, seeking relief under the writs of coram nobis and audita querela under the All Writs Act or, alternatively, under Rule 60 of the Federal Rules of Civil Procedure.

**II.    STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

The Court first finds that, to the extent that Petitioner brings this action pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Rule 60(b) motion amounts to an unauthorized, successive petition.  Next, as for Petitioner's attempt to seek relief under alternative theories, Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief.  Here, Petitioner seeks alternative relief in the form of writs of coram nobis and/or audita querela under the All Writs Act.  The Fourth Circuit has described the writs of coram nobis and audita querela as follows:

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is

available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.

Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282 F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

United States v. Sessoms, No. 12-7316, 2012 WL 5520311 (4th Cir. Nov. 15, 2012). Here, Petitioner is obviously in custody pursuant to his convictions, and he previously challenged his convictions and sentence in a Section 2255 motion. Therefore, the writ of coram nobis is not available to Petitioner. Furthermore, Petitioner may not use the writ of audita querela to avoid the statutory rules on successive petitions. See Coleman v. United States, No. 7:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 Fed. App'x 340 (4th Cir. 2008).

## IV. CONCLUSION

For the foregoing reasons, the Court, Petitioner is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's "Petition for Writ of Error Coram Nobis & Writ of Audita Querela," (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: February 1, 2019

Frank D. Whitney
Chief United States District Judge